CASE 123—ORDINARY—OCTOBER 13.

## Brown, &c., v. Gibson.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

1. A notice was given upon a bond executed to release a distress for rent, for a trial before a justice, and trial had, and appeal to Henderson quarterly court. From the judgment in that court an appeal was taken to the Henderson court of common pleas. For the first time the point was made in that court that the notice was defective.

2. *Held*—That the objection was made too late; it should have been made in the justice's court.

THOS. E. WARD FOR APPELLANT.

1. The paper does not contain any of the requisites of a notice. It must contain every averment to make a good petition.

2. Although the objection to the notice may not have been made in the inferior court, the appellant was not prevented from making it in the common pleas court. (Civil Code, sec. 653; Ib., 726; Burbage v. Squires, 3 Met., 77.)

JAS. F. CLAY FOR APPELLEE.

1. The objection to the notice for the first time in the Henderson common pleas court came too late.

2. After a trial upon it in the justice's court, then in the Henderson quarterly court, without objection to it, the motion to dismiss for want of proper notice in the common pleas court case was properly overruled. (Smith v. Robinson, 1 Mon., 15.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This proceeding was instituted by notice in a justice's court, under sections 653 and 654 of the Civil Code, for judgment on a bond executed to release a distress for rent. Judgment was rendered on the bond in the justice's court, but on appeal to the quarterly court judgment was rendered for the defendants, and on appeal to the common pleas court. the judgment was again for the plaintiff, and from that judgment this appeal is taken. So far as the record evidence goes, an objection was made for the first time in the common pleas court to the sufficiency of the notice.

The notice is: "The defendants, Wm. Brown and C. S. King, will take notice that the plaintiff, Alex. Gibson, will move John R. Bailey, justice of the peace of Henderson county, Kentucky, for a judgment against them on their bond, Saturday, October 5th, 1878, at 10 o'clock, A. M. Said motion will be made at J. R. Bailey's office, in Corydon, September 24th, 1878.

  "[Signed],      J. W. POWELL,
             "*Atty. for Pl'ffs.*"

It is admitted that the notice does not comply with the requirements of the Code in sections 446 and 624, but it is claimed by appellee that the objection to the notice comes too late in the common pleas court. In this we concur. Appellants entered their appearance both in the justice's court and in the quarterly court, and went to trial in each instance without objection to the sufficiency of the notice. The object of such notices is to give warning to the opposite party of the claim asserted in order that he may make defense. When a party appears to a notice defective in form, and without objection makes defense to the merits, he virtually admits that he is fully informed of the claim asserted against him, and that he is as well prepared to meet it as if it were more specifically set forth. He is in the same attitude as one who has appeared and answered a petition defective in form. He has waived his right to require a more specific or detailed statement of the cause of complaint. The fact that the cause must be tried *de novo* on appeal to the common pleas court does not alter the case. It is the same action that is to be tried anew, and not another action such as the parties may choose to present.

On the evidence the court was authorized to instruct, as it did, to find for appellee.

Judgment affirmed.